UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60914-CIV-COHN/SELTZER

LAWRENCE LEGEL, CPA,

    Appellant,

v.

UNITED STATES DEPARTMENT OF THE
TREASURY INTERNAL REVENUE SERVICE
OFFICE OF PROFESSIONAL RESPONSIBILITY,
KAREN L. KAKINS, DIRECTOR,

    Appellee.
_____/

### ORDER DENYING MOTION FOR TEMPORARY AND IMMEDIATE INJUNCTIVE RELIEF TO SET ASIDE FINAL AGENCY DECISION AND TO AFFIRM INITIAL DECISION AND ORDER OF ALJ

**THIS CAUSE** is before the Court on Appellant Lawrence Legel, CPA's Motion for Temporary and Immediate Injunctive Relief and to Set Aside Final Agency Decision and to Affirm Initial Decision and Order of Administrative Law Judge ("ALJ") [DE 6] ("Motion").[1]  The Court has considered the Motion, Mr. Legel's Initial Brief for his Appeal to the US District Court of Appellate Authority's Final Agency Decision Re: OPR Complaint No. 2009-16 [DE 7] ("Brief"), the record in this case, and is otherwise advised in the premises.

---

[1] Mr. Legel originally filed his Motion *ex parte*, but the Court, finding no reason for the Motion to be without notice, converted the *ex parte* Motion to a pending Motion for Temporary Restraining Order With Notice and directed expedited briefing on the Motion.  DE 8.

## I. BACKGROUND

Mr. Legel is a solo CPA practitioner who specializes in taxation. Complaint [DE 1] ¶ 4. On August 4, 2008, he pled guilty to a misdemeanor charge of aiding and abetting in the failure to pay income tax, in violation of 26 U.S.C. § 7203. Id. ¶ 5; Initial Decision [DE 1-4] at 4. As a result of Mr. Legel's conviction, the Internal Revenue Service ("IRS") Office of Professional Responsibility ("OPR") automatically and indefinitely suspended him from practicing before the IRS. Compl. ¶ 5. Mr. Legel appealed the suspension to OPR, and on April 15, 2010, Chief ALJ Susan L. Biro issued an Initial Decision and Order [DE 1-4] ("Initial Decision") lifting the suspension, effective September 29, 2010. Compl. ¶¶ 6-7. On May 13, 2010, OPR appealed the Initial Decision to the Appellate Authority, where the case was assigned to the 1st Appellate Authority ("AA"), Ronald D. Pinsky. Id. ¶ 8. Mr. Legel states that though the 1st AA had not issued a decision by September 29, 2010, OPR did not lift his suspension. Id. ¶ 9. Then, on March 3, 2011, OPR reassigned the case to the 2nd AA, Bernard H. Weberman. Id. ¶ 10. On March 31, 2011, the 2nd AA issued a Final Agency Decision [DE 1-3], reversing the Initial Decision and extending Mr. Legel's suspension until January 13, 2012. Id. ¶ 10.

On April 28, 2011, Mr. Legel filed the instant appeal for judicial review pursuant to the Administrative Procedures Act, 5 U.S.C. § 702. The same day, he filed his Motion for "Temporary and Immediate Injunctive Relief; Set Aside the Final Agency Decision of the 2nd AA; and Affirm the Initial Decision and Order of Chief Administrative Law Judge Susan L. Biro, and find that the suspension imposed by OPR on Lawrence Legel, CPA was automatically lifted September 29, 2010." Mot. at 3.

## II. DISCUSSION

A party seeking a temporary restraining order must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if relief is not granted; (3) that the threatened injury outweighs any harm relief would inflict on the non-movant; and (4) that entry of relief would serve the public interest." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). The same factors are considered whether deciding a temporary restraining order or a preliminary injunction. Schiavo, 403 F.3d at 1225. The movant bears the burden of persuasion on all of these factors. Canal Auth. of Fla. v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974). Furthermore, "even if [the movant] establish[es] a likelihood of success on the merits, the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper." Siegel v. Lepore, 234 F.3d 1163, 1176 (11th Cir. 2000).

Mr. Legel has not shown that he will suffer irreparable injury absent a temporary restraining order. See Schiavo, 403 F.3d at 1225-26. Though he requests a temporary restraining order "to give [him] back his life and his right to again practice his profession," Br. at 25, Mr. Legel has not demonstrated that his suspension deprives him of his "right to practice his profession." Rather, as the Government notes, the suspension only prevents Mr. Legel from practicing before the IRS. Resp. at 3. It does not affect his ability to engage in any other accounting work. Id. Further, it does not appear that Mr. Legel has suffered irreparable harm in over two years since the suspension was put in place in January 2009. Recently, in his April 28, 2011 Primary Affidavit of Lawrence Legel [DE 4-1 at 1-8] ("Legel Affidavit"), Mr. Legel reported, "I

3

have 300 clients." Legel Aff. ¶ 7.  Such success does not demonstrate that Mr. Legel has suffered irreparable harm with respect to his ability to practice his profession. Therefore, the Court is not convinced that Mr. Legel will suffer irreparable injury absent a temporary restraining order.

This finding alone requires that the Motion be denied, see Siegel v. Lepore, 234 F.3d at 1176, but the Court also notes that Mr. Legel's Motion and supporting materials do not show that the threatened injury outweighs any harm that his requested relief would inflict on the Government, nor do they show that the temporary restraining order would serve the public interest, see Schiavo, 403 F.3d at 1225-26.  In contrast, the Response notes that both the Government and the public would suffer harm if Mr. Legel's suspension is lifted prematurely in light of the strong interest that the Government and the public have in ensuring that a tax practitioner who admittedly commits a tax-related crime receives adequate punishment before again representing members of the public before the IRS.  Resp. at 4.

Based on the foregoing, the Court finds that Mr. Legel has not met his burden to prove the elements required for a temporary restraining order.  Therefore, the Court will deny the Motion.[2]

---

[2] Additionally, the Court notes that there is still no indication on the record that Mr. Legel has completed service on the United States.  Under Federal Rule of Civil Procedure 4(i), service on the United States, its officers and its agencies must be accomplished through service on both the United States Attorney and the Attorney General of the United States.  Fed. R. Civ. P. 4(i).  Failure to effect timely and proper service may result in the dismissal of the action with prejudice.  See Fed. R. Civ. P. 4(m).

### III. CONCLUSION

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Appellant Lawrence Legel, CPA's Motion for Temporary and Immediate Injunctive Relief and to Set Aside Final Agency Decision and to Affirm Initial Decision and Order of Administrative Law Judge [DE 6] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 16th day of May, 2011.

_____
JAMES I. COHN
United States District Judge

Copies furnished to:
Counsel of record via CM/ECF

Lawrence Legel, *pro se*
1425 NE 57th Place
Fort Lauderdale, FL 33334