UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60914-CIV-COHN/SELTZER

LAWRENCE LEGEL, CPA,

    Appellant,

v.

UNITED STATES DEPARTMENT OF THE
TREASURY INTERNAL REVENUE SERVICE
OFFICE OF PROFESSIONAL RESPONSIBILITY,
KAREN L. KAKINS, DIRECTOR,

    Appellee.
_____/

**AMENDED ORDER DENYING MOTION FOR TEMPORARY AND
IMMEDIATE INJUNCTIVE RELIEF TO SET ASIDE FINAL AGENCY
DECISION AND TO AFFIRM INITIAL DECISION AND ORDER OF ALJ**[1]

**THIS CAUSE** is before the Court on Appellant Lawrence Legel, CPA's Motion for Temporary and Immediate Injunctive Relief and to Set Aside Final Agency Decision and to Affirm Initial Decision and Order of Administrative Law Judge ("ALJ") [DE 6] ("Motion").[2] The Court has considered the Motion, Mr. Legel's Initial Brief for his Appeal to the US District Court of Appellate Authority's Final Agency Decision Re: OPR Complaint No. 2009-16 [DE 7] ("Brief"), the Government's Response [DE 11], Mr. Legel's Reply [DE 14], the record in this case, and is otherwise advised in the premises.

---

[1] The Court entered its original Order Denying Motion for Temporary and Immediate Injunctive Relief to Set Aside Final Agency Decision and to Affirm Initial Decision and Order of ALJ [DE 12] ("Original Order") on May 16, 2011. The next day, Mr. Legel filed a Reply to the Government's Response. See Reply. The Court amends its original Order to address Mr. Legel's Reply.

[2] Mr. Legel originally filed his Motion *ex parte*, but the Court, finding no reason for the Motion to be without notice, converted the *ex parte* Motion to a pending Motion for Temporary Restraining Order With Notice and directed expedited briefing on the Motion [DE 8].

## I. BACKGROUND

Mr. Legel is a solo CPA practitioner who specializes in taxation.  Complaint [DE 1] ¶ 4.  On August 4, 2008, he pled guilty to a misdemeanor charge of aiding and abetting in the failure to pay income tax, in violation of 26 U.S.C. § 7203.  Id. ¶ 5; Initial Decision and Order [DE 1-4] ("Initial Decision") at 4.  As a result of Mr. Legel's conviction, the Internal Revenue Service ("IRS") Office of Professional Responsibility ("OPR") automatically and indefinitely suspended him from practicing before the IRS.  Compl. ¶ 5.  Mr. Legel appealed the suspension to OPR, and on April 15, 2010, Chief ALJ Susan L. Biro issued an Initial Decision lifting the suspension, effective September 29, 2010.  Compl. ¶¶ 6-7; see also Initial Decision.  On May 13, 2010, OPR appealed the Initial Decision to the Appellate Authority, where the case was assigned to the 1st Appellate Authority ("AA"), Ronald D. Pinsky.  Id. ¶ 8.  Mr. Legel states that though the 1st AA had not issued a decision by September 29, 2010, OPR did not lift his suspension.  Id. ¶ 9.  Then, on March 3, 2011, OPR reassigned the case to the 2nd AA, Bernard H. Weberman.  Id. ¶ 10.  On March 31, 2011, the 2nd AA issued a Final Agency Decision [DE 1-3], reversing the Initial Decision and extending Mr. Legel's suspension until January 13, 2012.  Id. ¶ 10.

On April 28, 2011, Mr. Legel filed the instant appeal for judicial review pursuant to the Administrative Procedures Act, 5 U.S.C. § 702.  The same day, he filed his Motion for "Temporary and Immediate Injunctive Relief; Set Aside the Final Agency Decision of the 2nd AA; and Affirm the Initial Decision and Order of Chief Administrative Law Judge Susan L. Biro, and find that the suspension imposed by OPR on Lawrence Legel, CPA was automatically lifted September 29, 2010."  Mot. at 3.

## II. DISCUSSION

A party seeking a temporary restraining order must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if relief is not granted; (3) that the threatened injury outweighs any harm relief would inflict on the non-movant; and (4) that entry of relief would serve the public interest." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005).  The same factors are considered whether deciding a temporary restraining order or a preliminary injunction.  Schiavo, 403 F.3d at 1225.  The movant bears the burden of persuasion on all of these factors.  Canal Auth. of Fla. v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974).  Furthermore, "even if [the movant] establish[es] a likelihood of success on the merits, the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper."  Siegel v. Lepore, 234 F.3d 1163, 1176 (11th Cir. 2000).

Mr. Legel has not shown that he will suffer irreparable injury absent a temporary restraining order.  See Schiavo, 403 F.3d at 1225-26.  Though he requests a temporary restraining order "to give [him] back his life and his right to again practice his profession," Br. at 25, Mr. Legel has not demonstrated that his suspension deprives him of his "right to practice his profession."  Rather, as the Government notes, the suspension only prevents Mr. Legel from practicing before the IRS.  Resp. at 3.  It does not affect his ability to engage in any other accounting work.  Id.  Further, it does not appear that Mr. Legel has suffered irreparable harm in over two years since the suspension was put in place in January 2009.  In his Reply, Mr. Legel states that the "effect of the suspension on [his] practice has been devastating," Reply at 2, emphasizing that during his suspension, he has lost profits and clients, id. at 2-3.

3

However, in his recent April 28, 2011 Primary Affidavit of Lawrence Legel [DE 4-1 at 1-8] ("Legel Affidavit"), Mr. Legel reported, "I have 300 clients." Legel Aff. ¶ 7. Such success does not demonstrate that Mr. Legel has suffered irreparable harm with respect to his ability to practice his profession. In his Reply, Mr. Legel says that he "has no other significant area of practice," Reply at 2, but he has somehow retained 300 clients even during his suspension. Therefore, the Court is not convinced that Mr. Legel will suffer irreparable injury absent a temporary restraining order.

This finding alone requires that the Motion be denied, see Siegel v. Lepore, 234 F.3d at 1176, but the Court also notes that Mr. Legel's Motion and supporting materials do not show that the threatened injury outweighs any harm that his requested relief would inflict on the Government, nor do they show that the temporary restraining order would serve the public interest, see Schiavo, 403 F.3d at 1225-26. In contrast, the Response notes that both the Government and the public would suffer harm if Mr. Legel's suspension is lifted prematurely in light of the strong interest that the Government and the public have in ensuring that a tax practitioner who admittedly commits a tax-related crime receives adequate punishment before again representing members of the public before the IRS. Resp. at 4. In his Reply, Mr. Legel argues that the IRS has not suffered any harm and will not suffer any harm if the suspension is lifted prematurely, see Reply at 1-2, 4, but he also concedes "that the IRS and the public hold a strong interest in a proper enforcement of the internal revenue laws and in ensuring that taxpayers receive competent representation in proceedings before the IRS," id. at 5. Mr. Legel also offers no arguments to show that a temporary restraining order would serve the public interest.

Based on the foregoing, the Court finds that Mr. Legel has not met his burden to prove the elements required for a temporary restraining order. Therefore, the Court will

4

deny the Motion.³

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Appellant Lawrence Legel, CPA's Motion for Temporary and Immediate Injunctive Relief and to Set Aside Final Agency Decision and to Affirm Initial Decision and Order of Administrative Law Judge [DE 6] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 8th day of June, 2011.

_____
JAMES I. COHN
United States District Judge

Copies furnished to:
Counsel of record via CM/ECF

Lawrence Legel, *pro se*, via regular mail
1425 NE 57th Place
Fort Lauderdale, FL 33334

---

³ Additionally, in the Original Order, the Court noted that there was "still no indication on the record that Mr. Legel ha[d] completed service on the United States." Original Order at 4 n.2. On May 17, 2011, Mr. Legel filed a Notice of Service to the U.S. Attorney General [DE 13] ("Notice"), stating, "On Saturday, May 14, 2011, Appellee served the notice of appeal and the entire case file to the U.S. Attorney General by U.S. mail." Notice at 1.

The Court reminds Mr. Legel once again that service on the United States, its officers and its agencies must be accomplished through service on both the United States Attorney and the Attorney General of the United States. Fed. R. Civ. P. 4(i). Service must include a summons as well as a copy of the complaint. Fed. R. Civ. P. 4(c). Further, when an action "challenges an order of a non-party agency or officer of the United States, [the plaintiff must] send a copy of each by registered or certified mail to the agency or officer." Fed. R. Civ. P. 4(i)(1)(C). "To serve a United States agency. . . or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). Sending these documents by U.S. mail is not proper service unless the mail is certified or registered. See Fed. R. Civ. P. 4(i). Additionally, "[u]nless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l). The Court once again emphasizes that failure to effect timely and proper service may result in the dismissal of this action. See Fed. R. Civ. P. 4(m).

5