UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60914-CIV-COHN/SELTZER

LAWRENCE LEGEL, CPA,

       Appellant,

v.

UNITED STATES DEPARTMENT OF THE
TREASURY INTERNAL REVENUE SERVICE
OFFICE OF PROFESSIONAL RESPONSIBILITY,
KAREN L. HAWKINS, DIRECTOR,

       Appellees.

_____/

## ORDER DENYING APPELLANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court on Appellant Lawrence Legel, CPA's Motion for

Summary Judgment [DE 35] ("Legel's Motion") and Appellees United States

Department of the Treasury and Internal Revenue Service, Office of Professional

Responsibility, Karen L. Hawkins, Director's Motion for Summary Judgment [DE 36]

("Appellees' Motion").  The Court has considered both motions, Mr. Legel's Revised

Brief [DE 37] ("Legel's Brief"), Appellees' Response [DE 38], Mr. Legel's Response [DE

39][1], the Administrative Record [DE 32] and other related submissions, and is otherwise

advised in the premises.

---

[1]  The Court notes that Mr. Legel's Response was untimely filed.  The Response
was due by October 11, 2011, but it was not filed until October 28, 2011.  Nevertheless,
in the interest of justice, the Court has considered the Response.

**I. BACKGROUND**

Mr. Legel is a certified public accountant who specializes in taxation.  Complaint [DE 1] ¶ 1.  He filed this action to seek judicial review of an administrative decision suspending him from representing clients in proceedings before the Internal Revenue Service ("IRS") until January 13, 2012.  See id.

The suspension stemmed from Mr. Legel's guilty plea, on August 4, 2008, to a charge that he "did knowingly and willfully aid and assist one Earl Wolfe in the failure to pay personal income taxes for the year 2004."  Administrative Record [DE 32] at US-000497, US-000501-000532.  United States District Court Judge William Zloch entered judgment against Mr. Legel on September 29, 2008, adjudicating him guilty of aiding and abetting in the failure to pay income tax, in violation of 26 U.S.C. § 7203.  Id. at US-000491.

Under Treasury Department No. Circular 230 ("Circular 230"), 31 C.F.R. § 10 *et seq.*, "[t]he Secretary of the Treasury, or delegate, after notice and an opportunity for a proceeding, may censure, suspend, or disbar any practitioner from practice before the Internal Revenue Service if the practitioner is shown to be incompetent or disreputable."  Circular 230 § 10.50(a).  Incompetence and disreputable conduct includes "[c]onviction of any criminal offense under the Federal tax laws."  Id. § 10.51(a)(1).  Thus, on the basis of Mr. Legel's conviction, the Director of the Office of Professional Responsibility ("OPR") within the IRS, pursuant to its authority under Circular 230 § 10.1(a)(1) and § 10.1(b), instituted an expedited suspension proceeding against Mr. Legel.  See Admin. Rec. at US-001675-001682.  After Mr. Legel filed an answer and requested a conference, id. at US-001667-001668, a designee of the OPR Director held a telephone

2

conference with Mr. Legel on January 13, 2009, id. at US-001733 ¶ 7, US-001720 ¶ 7. Thereafter, the OPR Director issued a decision in the expedited proceeding, suspending Mr. Legel from practicing before the IRS indefinitely, effective January 13, 2009. Id. at US-001669.

In February 2009, pursuant to Circular 230 § 10.82(g), Mr. Legel requested the issuance of a complaint under Circular 230 § 10.60 to challenge his suspension before an administrative law judge. Admin. Rec. at US-001655-001666. On March 20, 2009, the OPR Director issued the complaint, seeking to suspend Mr. Legel from practicing before the IRS indefinitely. Id. at US-001728-001734. After the parties had fully briefed the issues and the OPR Director had moved for summary judgment, the administrative law judge granted the motion for summary judgment regarding the request to find that Mr. Legel had engaged in disreputable conduct within the meaning of Circular 230 § 10.51, but denied the motion with respect to the issue of the appropriate sanction, reserving that issue for hearing. Admin. Rec. at US-000057-000080. The hearing was held on October 27, 2009, after which both parties submitted additional briefs. Id. at US-000721-001096, US-001683-001710, US-001463-001649. On April 15, 2010, the administrative law judge issued her Initial Decision and Order, ruling that a suspension of two years from the date that Mr. Legel's probation went into effect in his criminal case was appropriate. Id. at US-001106-001144. The suspension was therefore set to be lifted on September 29, 2010 as long as Mr. Legel's probation had not been revoked. Id. at US-001143-001144.

On May 14, 2010, the OPR Director appealed the administrative law judge's decision. Id. at US-000379-000396, US-000425, US-000215 ¶ 2. In an appeal from an

administrative law judge's decision, Circular 230 § 10.78(a) provides that "the Secretary

of the Treasury, or delegate, will make the agency decision."  In Mr. Legel's case, the

"appellate authority" served as the Secretary of the Treasury's delegate.  See Admin.

Rec. at US-001097, US-001103.  Thus, after the parties had fully briefed the issues in

the appeal, the appellate authority issued his Decision on Appeal on March 31, 2011.

Admin. Rec. at US-001097-001104.

The standard of review on appeal requires a review of the administrative law

judge's decision under a clearly erroneous standard, and a review of the legal issues *de*

*novo*.  Circular 230 § 10.78(b).  In his Decision on Appeal, the appellate authority found

that the administrative law judge's findings of fact were not clearly erroneous, but "that a

mistake ha[d] been committed both in setting the commencement date for the

suspension as well as in determining its length."  Id. at US-001100.  As for the date that

the suspension commenced, the appellate authority found that the suspension should

actually be calculated from January 13, 2009, the date on which Mr. Legel's suspension

actually commenced, and not from September 29, 2008, the date on which his criminal

probation commenced.  Id.  The appellate authority also agreed with the administrative

law judge that a "three year-baseline [wa]s the minimum baseline or departure point

from which to consider the appropriate period of suspension for conviction of this crime

before consideration of aggravating or mitigating factors," id., but he found that the

mitigating factors that the administrative law judge considered were "at the least,

completely offset by two very seriously aggravating factors, Mr. Legel's false and

misleading statements during the disciplinary process and his lack of remorse and

attitude towards his crime and conviction," id.  Consequently, the appellate authority

4

modified Mr. Legel's suspension from practice before the IRS to run for a three-year period commencing on January 13, 2009.  Id. at US-001103.  The appellate authority's Decision on Appeal constitutes the final agency action in this matter.  See id.

On April 28, 2011, Mr. Legel filed the instant action for judicial review of the Decision on Appeal.  See Compl.  In accordance with the deadlines set in this Court's Scheduling Order [DE 30], Appellees filed the Administrative Record on September 9, 2011, and the parties filed their cross-motions for summary judgment on September 23, 2011.  For the reasons discussed below, the Court will deny Mr. Legel's Motion and grant Appellees' Motion.

## II. LEGAL STANDARD

The Court's review of a final agency decision is governed by the Administrative Procedure Act, 5 U.S.C. §§ 701 et seq. ("APA").  Pursuant to this Act, "[t]he reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law."  5 U.S.C. § 706(2)(A).  The Eleventh Circuit has described the standard of review under the APA as follows:

> This deferential standard presumes the validity of the agency action and prohibits a reviewing court from substituting its judgment for that of the agency.  See Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 413-14 (1971).  "Administrative decisions should be set aside in this context, as in every other, only for substantial procedural or substantive reasons as mandated by statute . . . not simply because the court is unhappy with the result reached."  Vermont Yankee Nuclear Power Corp. v. Natural Res. Def. Council, Inc., 435 U.S. 519, 558 (1979).
>
> The courts' proper function in reviewing an agency's action is to determine whether the agency has "considered the relevant factors and articulated a rational connection between the facts found and the choices made."

5

> Baltimore Gas & Elec. Co. v. Natural Res. Def. Council, Inc., 462 U.S. 87,
> 105 (1983); Bowman Trasp., Inc. v. Arkansas-Best Freight Sys., Inc., 419
> U.S. 281, 285 (1974).  To affirm, a court must only determine that the agency
> had a rational basis for its decision.

Manasota-88, Inc. v. Thomas, 799 F.2d 687, 691 (11th Cir. 1986).  Additionally, in an

APA case such as this, the Court must evaluate the agency's actions based on the

administrative record.  See 5 U.S.C. § 706; Preserve Endangered Areas of Cobb's

History, Inc. v. U.S. Army Corps of Engineers, 87 F.3d 1242, 1246 (11th Cir. 1996)

("The role of the court is not to conduct its own investigation").

### III. ANALYSIS

Upon review of the Administrative Record, the Court finds that the Decision on

Appeal was not arbitrary, capricious, an abuse of discretion, or otherwise not in

accordance with the law.  Rather, the agency proceedings complied with Circular 230.

The suspension, the expedited suspension proceeding, and the appeal each

conformed to the procedures and regulations outlined in Circular 230.  Mr. Legel had

the appropriate opportunities to respond, and the appellate authority acted within its

authority in issuing the Decision on Appeal.  As Appellees note, "[t]he IRS and the

public hold a strong interest in the proper enforcement of the internal revenue laws and

ensuring that taxpayers receive competent representation in proceedings before the

IRS.  When a tax practitioner has admitted that he himself has committed a tax-related

crime, both the IRS and the public have a compelling interest in ensuring that the

practitioner has received an adequate consequence before allowing that practitioner

again to represent members of the public before the IRS."  Appellees' Mot. at 4-5.  A

three-year suspension from practice before the IRS is rationally connected to this

interest.

Mr. Legel nonetheless requests that the Court reverse the Decision on Appeal and reaffirm the administrative law judge's decision.  Legel's Mot. at 1.  He urges "that the suspension should be automatically lifted immediately and retroactively, effective back to September 29, 2010."  Legel's Brief at 31.  In support of his request, Mr. Legel makes the following arguments:

1.  The Standard for Reversing an ALJ Decision is that the Decision Must be Clearly Erroneous in Light of the Evidence in the Record and Applicable Law, and that standard was not met by the AA.

2.  Failure of the AA to Issue a Final Agency Decision within 180 Days of the Appeal should have resulted in the Initial Decision of the ALJ Becoming the Final Agency Decision.

3.  The Director of OPR and the AA effectively stayed the ALJ's Decision without Authority to do so.

4.  The correct interpretation of the word "Should" in the controlling Circular 230 Rule is that "Should" means "Shall" and accordingly the AA failed to issue a decision timely.

5.  Another U.S. Agency uses "should" to be interpreted as "shall" as to the 180 day rule.

6.  The fact that there are no OPR Guidelines as to length of suspension does not allow an AA to arbitrarily reverse a Decision by an ALJ.

7.  Testimony at Hearing by the OPR's Expert Witness, Senior Enforcement Attorney Aliza Schechet, provided Adequate guidance for the ALJ to conduct her Judicial Review and probe and to issue her Decision.

8.  The 2nd AA's Review was not Conducted De Novo.

9.  OPR may not have had Authority over Legel in the First Place because there was no Form 2848 granting OPR Regulatory Authority over Legel and there was no act committed by Legel in his Tax Practice which is what OPR is supposed to regulate through Circular 230.

7

10.    Summary of Items 11 through 15: The Director of OPR, by failing to file a Notice of Appeal; and failing to Call for the File; by not signing the Appeal; by failing to certify that the appeal had been filed, by filing late, improperly, and incompletely, in fact, OPR filed a defective appeal and the AA should have denied the appeal, and the Initial Decision of the ALJ should have become The Final Agency Decision.

11.    OPR did not file a Notice of Appeal.

12.    OPR did not call for the File from the ALJ.

13.    OPR's Appeal to AA was filed improperly, incompletely, defectively, and was possibly filed late.

14.    The Appeal was defective as it was filed unsigned by the Director of OPR and should have been denied for that reason alone.

15.    The Director of OPR failed to certify that the appeal had been filed.

16.    The AA is an Appellate Adjudicator with an Appearance of Impropriety and that should be taken into consideration.

Legel's Mot. at 3-4; see also Legel's Brief.  As discussed below, none of these arguments demonstrates that the appellate authority did not have a rational basis for his decision or that the Decision on Appeal was arbitrary or capricious.

### A. The Appellate Authority Applied the Correct Standard of Review (Legel's Motion Arguments # 1, 6, 7, and 8)

Mr. Legel first contends that the appellate authority did not employ the appropriate standard of review in issuing his Decision on Appeal.  Legel's Brief at 6.  He argues that the appellate authority failed to conduct a *de novo* review, acted arbitrarily in setting the length of the suspension, and did not sufficiently rely on the testimony of OPR's expert witness.  Id. at 21, 13-15, 16-20.

Circular 230 sets forth the following standard of review: "The decision of the Administrative Law Judge will not be reversed unless the appellant establishes that the

decision is clearly erroneous in light of the evidence in the record and applicable law. Issues that are exclusively matters of law will be reviewed de novo."  Circular 230 § 10.78(b).  Additionally, the administrative law judge's sanction determination is subject to *de novo* review on administrative appeal.  See, e.g., Director, OPR v. Chandler, Complaint No. 2006-23, at 3 (Apr. 2008).  Specifically, "the Appellate Authority reviews the sanction sought by the Complainant and imposed by the Administrative Law Judge in light of the charges proved and in light of other 'aggravating' and 'mitigating' circumstances . . . . [T]he Appellate Authority can affirm the sanction imposed by the ALJ, decrease the sanction imposed or increase the sanction imposed in light of the charges proved and in light of the 'aggravating' or 'mitigating' factors found present."  Id.

The Decision on Appeal in this case demonstrates that the appellate authority applied these standards when he conducted his review.  See Admin. Rec. at US-001100.  The appellate authority properly deferred to the administrative law judge's factual findings, including any factual findings based on the expert witness's testimony at the hearing, and found that the administrative law judge's factual findings were not clearly erroneous.  See id. at US-001099.  The appellate authority then reviewed *de novo* the legal issues, including the sanction determination, and found that there had been a mistake in setting the start date of the suspension and determining the suspension's length.  See id. at US-001100.  Mr. Legel contends that the appellate authority's review might not have actually been *de novo* because the appellate authority "may only have reviewed OPR selected files," Legel's Brief at 21, but Mr. Legel fails to identify any specific documents that were supposedly missing from the file.  The Decision on Appeal shows that in conducting his *de novo* review, the appellate authority

9

modified the suspension's commencement date to the beginning of Mr. Legel's suspension from practice before the IRS, and the appellate authority modified the length of the suspension based on his assessment of the relative weight of the aggravating and mitigating factors, and in particular, "Mr. Legel's lack of concern with telling the truth in sworn testimony in the U.S. District Court . . . and in his testimony in the disciplinary proceeding, and his lack of remorse."  Admin. Rec. at US-001102.  As noted above, the three-year suspension was not arbitrarily imposed, but was instead rationally related to the IRS's and the public's interest in the proper enforcement of the internal revenue laws and ensuring that taxpayers receive competent representation in proceedings before the IRS.

Thus, Mr. Legel has not demonstrated that the appellate authority failed to comply with the standard of review set forth in Circular 230.  The appellate authority's application of the standard of review was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law."  See 5 U.S.C. § 706(2)(A).

## B. OPR Had Authority Over Mr. Legel
## (Legel's Motion Argument #9)

Mr. Legel also contends that "OPR may not have had authority over Lawrence Legel, CPA, as the alleged act causing the alleged misdemeanor conviction of Legel was not an act involving the use of a form 2848 which controlled power of attorney representation."  Legel's Brief at 22.  Mr. Legel does not cite to any rule containing such a requirement, nor does the Court find such a rule.  Instead, Circular 230 provides that "[t]he Secretary of the Treasury, or delegate, after notice and an opportunity for a proceeding, may censure, suspend, or disbar any practitioner from practice before the

Internal Revenue Service if the practitioner is shown to be incompetent or disreputable," and disreputable conduct includes conviction of a criminal offense under the federal tax laws.  <u>See</u> Circular 230 §§ 10.50(a), 10.51(a)(1).  Mr. Legel, as a practitioner who was convicted of a criminal offense under the federal tax laws, undoubtedly falls within this provision.

### C. The Appellate Authority's Failure to Issue a Decision Within 180 Days Did Not Render the Administrative Law Judge's Opinion the Final Agency Decision (Legel's Motion Arguments # 2, 4, and 5)

Mr. Legel next argues that the appellate authority's failure to issue a decision within 180 days rendered the administrative law judge's decision the final agency decision.  Legel's Brief at 7, 9, 10-12.  The applicable regulation states, "On appeal from or review of the decision of the Administrative Law Judge, . . . [t]he Secretary of the Treasury, or delegate, should make the agency decision within 180 days after receipt of the appeal."  Circular 230 § 10.78(a).  The use of the word "should" rather than "shall" shows that the 180-day time frame is not mandatory.  <u>See</u> <u>Lamberti v. Austin Ind.</u>, 544 F.3d 1192, 1196-97 (11th Cir. 2008) ("language suggesting that employees 'should' consult with a facilitator is phrased using permissive, rather than mandatory, language.  The word 'should' means 'usually no more than an obligation of propriety or expediency, or a moral obligation . . . [I]t does not ordinarily express certainty as 'will' sometimes does." (quoting Black's Law Dictionary (6th ed. 1990)).  The comments to the regulation confirm that the time frame is not mandatory, providing, "The failure of the Secretary of the Treasury, or delegate, to meet this timeframe, as well as any other discretionary timeframe in subpart D, does not create a right of action

for the practitioner."  72 Fed. Reg. 54544 (Sept. 26, 2007).

Mr. Legel is mistaken in his suggestion that "should" actually means "shall."  See Legel's Brief at 9.  If the drafters intended for the time frame to be mandatory, they could have used the word "shall," but they chose not to.  Mr. Legel refers to a Department of Labor regulation that uses "shall" rather than "should," but this regulation has no effect on Circular 230.  If anything, it merely shows that if the Department of Treasury wanted its time frame to be mandatory like the Department of Labor's time frame, then it too could have used the word "shall."

"[C]ourts must presume that a [drafter] says in a statute what it means and means in a statute what it says there."  Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-54 (1992).  The applicable regulation says "should," not "shall," so the Court presumes that the time frame is not mandatory.  Thus, the appellate authority's failure to issue a decision within 180 days did not render the administrative law judge's decision the final agency decision.

## D. The Administrative Law Judge's Decision Was Not Improperly Stayed (Legel's Motion Argument # 3)

Mr. Legel asserts that the administrative law judge's decision was inappropriately stayed because the appellate authority did not issue his decision until March 31, 2011, a date after the suspension imposed by the administrative law judge would have expired (on September 29, 2010).  Legel's Brief at 8.  However, the administrative law judge's decision was never improperly stayed.  Pursuant to Circular 230, an administrative law judge's decision only becomes the final agency decision thirty days after the date of the decision if there is no appeal to the appellate authority.  See

Circular 230 § 10.76(d).  Because there was an appeal here, the administrative law

judge's decision did not become the final agency decision.  The administrative law

judge only issued his decision after Mr. Legel requested review of the initial indefinite

suspension.  Therefore, the initial indefinite suspension remained pending during the

appeal process, and the administrative law judge's decision was not improperly stayed.

<u>**E. The Appeal Was Not Procedurally Defective**</u>
<u>**(Legel's Motion Arguments # 10, 11, 12, 13, 14, and 15)**</u>

Mr. Legel contends that the appeal was procedurally defective for a number of

reasons, <u>see</u> Legel's Brief at 22-29, but the record demonstrates that the appeal was

proper.  The procedures for appeal are outlined in Circular 230 § 10.77.  That section

provides, in pertinent part, as follows:

> (a) Appeal.  Any party to the proceeding under this subpart D may appeal the decision of the Administrative Law Judge by filing a notice of appeal with the Secretary of the Treasury, or delegate deciding appeals.  The notice of appeal must include a brief that states exceptions to the decision of Administrative Law Judge and supporting reasons for such exceptions.

> (b) Time and place for filing of appeal.  The notice of appeal and brief must be filed, in duplicate, with the Secretary of the Treasury, or delegate deciding appeals, at an address for appeals that is identified to the parties with the decision of the Administrative Law Judge.  The notice of appeal and brief must be filed within 30 days of the date that the decision of Administrative Law Judge is served on the parties.  The appealing party must serve a copy of the notice of appeal and the brief to any non-appealing party or, if the party is represented, the non-appealing party's representative.

> (c) Response.  Within 30 days of receiving the copy of the appellant's brief, the other party may file a response brief with the Secretary of the Treasury, or delegate deciding appeals, using the address identified for appeals.  A copy of the response brief must be served at the same time on the opposing party or, if the party is represented, the opposing party's representative.

Circular 230 § 10.77(a)-(c).  OPR's appeal met these requirements.  OPR filed the

appeal on May 14, 2010, within 30 days of the April 15, 2010 administrative law judge's

decision.  See Admin. Rec. at US-000379-000396, US-001106-001144.  The appeal

was entitled, "Complainant's Appeal of the Administrative Law Judge's Decision," id. at

US-000379, a title that unambiguously notifies the reader that the document constitutes

an appeal.  The brief identifies OPR's exceptions to the administrative law judge's

decision and sets forth arguments in support of those exceptions.  See id. at US-

000379-000396.  The document was filed with the OPR Director and served on Mr.

Legel on May 14, 2010.  Id. at US-000396.  This filing therefore complied with OPR's

obligations under Circular 230 § 10.77(a).

Contrary to Mr. Legel's contentions, the appeal was not untimely or improper,

see Legel's Brief at 24-25, 26-27, nor did OPR have to file a formal document

specifically entitled "Notice of Appeal" or provide notice of the appeal to the

administrative law judge, see id. at 23.  Mr. Legel is mistaken in his suggestion that

OPR had to "call for the file" from the administrative law judge.  See id. at 24.

Regardless, as Appellees note, "the practice of OPR upon the receipt of an appeal is to

automatically transmit the appeal and the entire original case file to the Legal

Processing Division of IRS Chief Counsel's Procedure and Administrative division,

which in turn forwards those documents to the appellate authority."  Appellees' Resp. at

12.  Further, Mr. Legel's argument that the appeal was defective because the OPR

Director himself did not sign the document fails because the appeal was properly

signed by the attorney who represented the OPR Director.  See Legel's Brief at 26; see

also Admin Rec. at US-000379.  Nothing in Circular 230 requires a signature from the

OPR Director himself; the attorney's signature was sufficient.  See Circular 230 (no

mention that the OPR Director himself must sign).

14

Additionally, OPR complied with its obligation to certify that it had served Mr. Legel with the appeal, as evidenced by the certificate of service stating that a copy of the appeal was mailed to Mr. Legel on May 14, 2010.  Admin. Rec. at US-000396.  The fact that Mr. Legel submitted various responsive filings confirms that he had notice of the appeal.  See, e.g., id. at US-000457-000459 (motion for extension of time to respond to the appeal), US-000421-000424 (motion to dismiss the appeal), US-000430-000433 (amended motion to dismiss the appeal), US-000317-000377 (response to the appeal).  Therefore, the appeal was proper, and there were no procedural defects that rendered the administrative law judge's decision the final agency decision.

### F. There Has Been No Showing That the Appellate Authority Was Biased (Legel's Motion Argument # 16)

Finally, Mr. Legel suggests that the appellate authority was biased because he was an OPR employee who reported to the OPR Director.  Legel's Brief at 29-31, 28. As evidenced by IRS Chief Counsel Notice 2010-017, Admin. Rec. at US-000245, the established agency procedure is for the appellate authority to act independently in deciding appeals from administrative law judges' decisions in OPR cases.  Other than the appellate authority's position within the agency, Mr. Legel offers no other evidence of bias.  Nothing in the Decision on Appeal demonstrates that the appellate authority was anything other than fair and impartial.

### IV. CONCLUSION

Based on the foregoing, the Court does not find the Decision on Appeal to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law."  5 U.S.C. § 706(2)(A).  Accordingly, it is hereby

     **ORDERED AND ADJUDGED** that Appellant Lawrence Legel, CPA's Motion for

Summary Judgment [DE 35] is **DENIED**.  Appellees United States Department of the

Treasury and Internal Revenue Service, Office of Professional Responsibility, Karen L.

Hawkins, Director's Motion for Summary Judgment [DE 36] is **GRANTED**.  The Court

will enter a separate final judgment consistent with this ruling.

     **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this 28th day of November, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

Lawrence Legel, *pro se*, via regular mail
1425 NE 57th Place
Fort Lauderdale, FL 33334